AC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   07 CR 663 |
| v. | ) | |
| | ) | Judge Milton I. Shadur |
| LUKMAN DIAGI | ) | |

**PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF
CERTAIN PROPERTY SUBJECT TO FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Section 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully informed hereby finds as follows:

(a)  On November 6, 2007, an indictment was returned charging defendant LUKMAN DIAGI, with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 841(a)(1);

(b)  The indictment sought forfeiture to the United States of specific property pursuant to the provisions of 21 U.S.C. § 853, including the following property:

   1.  9122 S. Lafayette, Chicago, Illinois ("Lafayette property") and legally described as follows:

   LOTS 9 AND 10 IN BLOCK 2 IN LILLIEDALE A SUBDIVISION OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 4, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

   Permanent Real Estate Index Number: 25-04-402-034.

(c) To preserve its interest in the Lafayette property, after charges were filed against defendant LUKMAN DIAGI, the United States recorded a *lis pendens* notice with the Cook County Recorder's Office;

(d) On April 9, 2008, pursuant to Fed R. Crim. P. 11, defendant LUKMAN DIAGI entered a voluntary plea of guilty to Counts One, Two, Three, and Four of the indictment, charging him with violations of 21 U.S.C. § 841(a)(1), thereby making his interest in the Lafayette property subject to forfeiture;

(e) On June 11, 2008, this Court entered a preliminary order of forfeiture, 21 U.S.C. § 853(a)(2) and Fed R. Crim P. 32.2, all right, title, and interest that defendant LUKMAN DIAGI was forfeit to the United States for disposition according to law;

(f) The United States requests action by this Court because certain financial responsibilities relating to the Lafayette property have not been satisfied, including the payment of the outstanding mortgages, thereby affecting the value of the real property and jeopardizing the availability of any equity, after satisfaction of obligations, for forfeiture to the United States upon conviction;

(g) Specifically, the outstanding mortgage held by Washington Mutual Bank ("WaMu") has been delinquent since at least December 2007. The WaMu mortgage payoff, with late fees and other charges, as of June 11, 2008 is approximately $50,000, with interest accruing on a daily basis. Further, a second mortgage currently serviced by HSBC Consumer and Mortgage Lending has been in default since approximately December 2007. The mortgage payoff, with late fees and other charges, as of June 24, 2008, is approximately $49,500, with interest accruing on a daily basis;

(h) Defendant Diagi is the record owner of the Lafayette property and is currently incarcerated. Because defendant Diagi is incarcerated, it is likely that not only will the mortgage payments accrue, but the property taxes will be unpaid;

(i) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(j) Pursuant to 21 U.S.C. § 853(e)(1)(A) and (g), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or any equity in the property will be available for forfeiture in the event of conviction;

(k) Title 21, United States Code, Section 853(e)(1), provides in pertinent part:
> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
>> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Title 21, United States Code, Section 853(g), provides in pertinent part:
> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

3

(l) Accordingly, in order to preserve the availability of the equity in the Lafayette property subject to forfeiture, the United States requests that this Court enter a protective order directing that the Lafayette property be sold by the United States Marshals, and that the proceeds from the sale of the subject property, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Marshal, pending further order of this Court;

(m) Failure to take the proposed action relating to the subject real property, in all probability, will result in economic damage to the value of the real property and jeopardize the availability of any equity in the subject real property, thus making the property or proceeds from the sale unavailable for forfeiture;

(n) The United States further requests that the United States Marshals Service be authorized to employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listing capabilities, who shall be paid the usual and customary commissions and/or fees from the proceeds of the sale;

(o) The United States further requests that upon the sale of the property, any duly recorded mortgage obligations, upon verification of authenticity, shall be paid from the proceeds, including the unpaid principal balances of the mortgages and interest due at the note rates;

(p) The United States further requests that from the proceeds of the sale of the subject property, any outstanding state, county, city or school taxes, and/or homeowners association fees, that are due, shall be paid, as documented at the date of sale;

(q) The United States also requests that the United States Marshals Service, which may incur certain costs, be permitted to deduct from the proceeds of the sale of the subject property any

4

reasonable and necessary costs incurred to effectuate the sale of the subject property and incurred to maintain the real property, if any, pending sale;

(r) The United States further requests that, pending sale of the subject property, the United States Marshals Service be permitted access to the property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale and preserve the value for forfeiture;

(s) The United States further requests that in the event that the Lafayette property is occupied, any occupants, should be required to sign an occupancy agreement and cooperate with the United States Marshals Service in its efforts to sell the Lafayette property. Failure to cooperate shall result in further by this Court, including eviction.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, the government's motion for entry of a protective order directing the interlocutory sale of the following described real property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1) and (g), is granted:

    A.    9122 S. Lafayette, Chicago, Illinois ("Lafayette property") and legally described as follows:

        LOTS 9 AND 10 IN BLOCK 2 IN LILLIEDALE A SUBDIVISION OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 4, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

        Permanent Real Estate Index Number: 25-04-402-034..

It is further ordered,

2. That, the United States Marshals Service is authorized to employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listing capabilities, who shall be paid the usual and customary commissions and/or fees from the proceeds of the sale. It is further ordered,

3. That the proceeds from the sale of the subject property, after the payment of verifiable costs, shall be retained in the Seized Assets Deposit Fund by the United States Marshal pending further order of this Court. It is further ordered,

4. That, upon the sales of the subject property, any duly recorded mortgage obligations, upon verification of authenticity, shall be paid from the proceeds, including the unpaid principal balances of the mortgages and interest due at the note rates, and any other fees or charges incurred or assessed in accordance with the mortgages or the underlying promissory obligations. It is further ordered,

5. That, from the proceeds of the sale of the subject property, any outstanding taxes and/or homeowner's association fees, as documented at the date of sale, shall be paid. It is further ordered,

6. That, the United States Marshal Service may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject real property any reasonable and necessary costs incurred to effectuate the sale of the real property and costs incurred to maintain the real property, if any, pending sales. It is further ordered,

7. That, pending the sale of the subject real property, the United States Marshals Service shall be permitted access to the real property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale and to preserve the value of the real property for forfeiture. It is further ordered,

8. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the interlocutory sale of the above-identified real property.

_____
MILTON I. SHADUR
United States District Judge

DATED: July 2, 2008